## ADLINE POUPORE AND ANOTHER v. STONE-ORDEAN-WELLS COMPANY AND ANOTHER.[1]

July 7, 1916.

Nos. 19,668—(80)

**Administrator's account — loss of assets.**

Evidence *held* insufficient to justify the conclusion that an administrator was at fault in the loss of certain property belonging to the estate, and that the order of the trial court charging his account with the value thereof was error.

The final account of O. E. Knisely, administrator of the estate of Antoine Poupore, deceased, was disallowed and a new account settled and allowed in the probate court of St. Louis county. From the order disallowing the account, the administrator appealed to the district court for that county. The appeal was heard before Dancer, J., who modified the order of the probate court. The motion of Peter E. Poupore and certain creditors of the estate for amended findings was granted in part. From an order denying their motion for a new trial, Adline Poupore and the administrator appealed. Modified and affirmed.

*J. H. Whitely,* for appellants.

*Courtney & Courtney,* for respondents.

BROWN, C. J.

The controversy involved on this appeal originated in the probate court of St. Louis county. Appellant as the administrator of the estate of one Poupore presented his account as such and the same was in all things approved, with the exception of certain property belonging to the estate which creditors claimed the administrator had negligently lost, the value of which was charged against the administrator. The probate court allowed the administrator the sum of ten dollars for his services; this on the theory that he was a mere figure-head, and that the attorney for

[1]Reported in 158 N. W. 703.

the estate transacted and had charge of all matters in connection with the estate. On appeal to the district court the order of the probate court was substantially affirmed, though the amount awarded the administrator for his services was increased in the district court to $35.

The assignments of error challenge the findings of the court in respect to the lost articles of property, found to be of the value of $135, and it is claimed that the compensation awarded the administrator is wholly inadequate.

The questions presented do not call for extended discussion. Our conclusion upon the question of charging the administrator with the lost property is that in so doing the trial court erred. The property consisted of certain railroad ties piled along the railroad track in a sparsely settled section of the country, to the west of Duluth. The predecessor of appellant, who was special administrator, knew of the ties and their location, but he never took possession of the same. They were undoubtedly stolen after the appointment of appellant as general administrator. It would seem, under G. S. 1913, § 7297, that the administrator should not be charged with the value of the ties unless the loss thereof was through his fault. We think such fault is not sufficiently shown. The property could not be sold and disposed of until the railroad company saw fit to inspect and buy the same; the administrator could not well have taken possession of the ties; the value thereof did not warrant the employment of a watchman, and they were necessarily left in the pile near the railroad track at a flag station on the line. The ties were undoubtedly appropriated by some wrongdoer, but we think the evidence not sufficient to charge the administrator with such neglect as to justify imposing upon him liability for the theft.

2. We discover no reason for interfering with the allowance of the administrator's compensation, and the question of the right of the widow to a statutory allowance out of the estate is not before the court, for the appeal taken in her behalf has been dismissed.

We therefore conclude that there should be a modification of the order in settlement of appellant's account, by eliminating therefrom the item of lost property, and as so modified the order should in all things be sustained. The cause will be remanded with directions accordingly. No statutory costs are allowed.